# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DEANO MCCORT,

       Plaintiff,

  v.                                                    Civil Action 2:17-cv-620
                                                         Judge George C. Smith
                                                         Magistrate Judge Jolson

MUSKINGUM COUNTY, et al.,

       Defendants.

## REPORT AND RECOMMENDATION
## AND ORDER

This case was brought pursuant to 42 U.S.C. § 1983 by Deano McCort, proceeding *pro se*, against Muskingum County, the Muskingum County Sheriff's Department, and the Muskingum County Jail. Plaintiff has also sued Matt Lutz (Sherriff at the Muskingum County Jail), David Soschi (Captain at the Muskingum County Jail), Shane Love (a medical provider at the Muskingum County Jail), and Travis Nicholas (Deputy Sherriff at the Muskingum County Jail) (collectively, "the individual Defendants"). Plaintiff has sued the individual Defendants in their individual and official capacities.

This matter is before the Court on Defendant Love's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Doc. 15); Plaintiff's Motion for Discovery (Doc. 19) and Motion to Compel Discovery (Doc. 22); and Defendant Love's Motion to Stay Discovery (Doc. 21). For the reasons that follow, it is **RECOMMENDED** that Defendant Love's Motion for Judgment on the Pleadings be **GRANTED**. (Doc. 15). Additionally, Defendant Love's Motion to Stay Discovery is **GRANTED** (Doc. 21), and Plaintiff's discovery

Motions are **DENIED** as **MOOT**. (Docs. 19, 22).

I. BACKGROUND

Plaintiff's Complaint arises from two, seemingly separate incidents, arising from when he was held in the Muskingum County Jail ("the jail") from November 26, 2015 through April 8, 2016. (Doc. 1 at ¶ 8). The first incident occurred at approximately 12:30 p.m. on February 11, 2016, when Defendant Nicholas allegedly slammed and kicked a metal door shut, crushing Plaintiff's hand in the process. (*Id*. at ¶ 10). Plaintiff was treated for this injury at Genesis Hospital in the jail, where he received x-rays and was examined by Defendant Love. (*Id*. ¶ 12). Plaintiff was ultimately released from the hospital "in stable condition," and he returned to solitary confinement, where he was being held prior to the injury. (*Id*.). Plaintiff contends that he suffers from nerve damage and pain resulting from this injury. (*Id*. at ¶ 13). He also generally alleges that his medical needs were neglected, and that the situation should not have been characterized as falling within the jail's "use of force" policy. (*Id*. at ¶¶ 13–14).

According to Plaintiff, the second incident occurred on an unspecified date when an individual visiting another inmate at the jail took his picture and posted it to social media. (*Id*. at ¶ 33). Plaintiff claims that the individual took his picture without permission and faults Defendant Soschi for "allow[ing] the visitor to enter the jail visitor's room with the device that took Plaintiff's picture." (*Id*.). Plaintiff asserts that he remained unaware that the individual had taken his picture until "a third party" informed him "after seeing the photographs online and had copies sent to [the jail]…." (*Id*. at ¶ 34). Plaintiff further alleges that Defendant Soschi "attempted to cover-up the fact that he allowed this unknown visitor into the jail with a recording and photography device by not allowing the photographs to be delivered to Plaintiff" and keeping

2

them "as contraband." (*Id*. at ¶¶ 34, 36).

The Complaint contains four counts, which collectively allege excessive use of force, failure to supervise and train, and negligence. (*Id*. ¶¶ 18–36). None of the counts refer specifically to Defendant Love or the alleged lack of medical care. The sole paragraph concerning Defendant Love states that "Plaintiff repeatedly asked for help with his pain and suffering, which was ignored and neglected by the Muskingum County Sheriff's Department, the Muskingum County Jail, and Dr. Shane Love. Dr. Shane Love was the medical representative responsible for Plaintiff's care at the jail." (*Id*. ¶ 15). Plaintiff seeks $3,500,000.00 in compensatory damages, as well as punitive damages and attorneys' fees. (*Id*. at 11).

It is worth noting that Defendant Love is not a doctor as Plaintiff alleges; rather, he is a licensed practical nurse. (Doc. 15, n.1).

## II. STANDARD OF REVIEW

In examining a motion for judgment on the pleadings under Rule 12(c), the Court uses the same standard of review applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mixon v. State of Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). Under Rule 12(b)(6), the Court must construe the complaint in favor of the plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"

is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

### A. Deliberate Indifference

Construing Plaintiff's Complaint liberally, it appears that Plaintiff is attempting to assert a deliberate indifference claim under 42 U.S.C. § 1983 against Defendant Love. Such a claim has an objective and a subjective component. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The objective component "requires a plaintiff to show that the medical need at issue is sufficiently serious," and the subjective component requires Plaintiff to show that Defendant Love had "a sufficiently culpable state of mind in denying medical care." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted) (quotations omitted). The subjective component requires Plaintiff to establish that Defendant Love "knew of or disregarded an excessive risk to" Plaintiff's health or safety. *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (citing *Blackmore*, 390 F.3d at 895). Mere acts of negligence by a prison official are insufficient to establish deliberate indifference. *Mabry v. Antonini*, 289 F. App'x 895, 902 (6th Cir. 2008).

Even assuming in this case that Plaintiff can meet the objective component by showing that his medical need was sufficiently serious, he fails to allege any facts that would satisfy the subjective component, demonstrating that Defendant Love had a sufficiently culpable state of mind in denying medical care. Stated differently, Plaintiff fails to allege any facts which would support a finding that Defendant Love knew of or disregarded an excessive risk to his health or

4

safety.  Moreover, the Sixth Circuit "distinguish[es] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment."  *Id.*  In the latter, "federal courts are generally reluctant to second guess medical judgments" unless the care the plaintiff received was "so woefully inadequate as to amount to no treatment at all."  *Id.*

In this case, Defendant Love is alleged to have provided Plaintiff treatment for his injury at Genesis Hospital, where he was examined, x-rays were taken, and he was released in stable condition.  (Doc. 1 at ¶ 12).  Although Plaintiff contends that he suffers from nerve damage and pain resulting from this injury, he does not claim that those conditions arose because Defendant Love's care was so woefully inadequate as to amount to no treatment at all.  (*See id.*).  Under these circumstances, the Court shall not second guess Defendant Love's medical judgment, and Plaintiff fails to state a claim upon which relief can be granted.  *See, e.g.*, *Mabry*, 289 F. App'x. at 902 (finding Plaintiff failed to demonstrate that the doctor rendering treatment knew of the substantial risk to the individual's health or safety and disregarded that risk).

Plaintiff further expands upon his allegations against Defendant Love in his Opposition to the Motion for Judgment on the Pleadings, claiming that he "conspire[d], collude[d], plot[ted] and scheme[d] to provide suffering" and "acted in concert with the other named defendants to provide, prolong and continue the initial act of assault…"  (Doc. 18 at 3–4).  However, Plaintiff fails to plead factual content that would allow the reasonable inference that Defendant Love is liable for the misconduct alleged.  Stated another way, even construing Plaintiff's allegations liberally, Plaintiff's allegations are labels and conclusions unsupported by any relevant facts.  Thus, they fail to satisfy basic pleading essentials.  *See Iqbal*, 556 U.S. at 678.

Based on the foregoing, it is **RECOMMENDED** Defendant Love's Motion for Judgment on the Pleadings be **GRANTED** (Doc. 15).

**B. Discovery Motions**

The Court now turns to the discovery Motions. Plaintiff moves for discovery, including "any and all internal records, notes or other paper, audio or video documents as it [sic] relates to Deano McCort at any time that he was housed at the Muskingum County Jail." (Doc. 19). Subsequently, Defendant Love moved to stay all discovery as it relates to him until the ruling on the Motion for Judgment on the Pleadings. (Doc. 21). Plaintiff then moved to compel discovery from all Defendants in this case. (Doc. 22). All Defendants except Defendant Love (who had already filed the Motion to Stay Discovery) opposed Plaintiff's Motion to Compel on the basis that they had served documents responsive to Plaintiff's discovery request on January 4, 2018. (Doc. 24).

Based on this Court's recommendation that Defendant Love's Motion for Judgment on the Pleadings be granted, Defendant Love's Motion to Stay Discovery is **GRANTED**. (Doc. 21). Consequently, Defendant Love need not respond to discovery while awaiting a decision on this Report and Recommendation. Further, because Plaintiff has received the discovery he requested in his Motions, those discovery Motions are **DENIED** as **MOOT**. (Docs. 19, 22).

**IV. CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED** that Defendant Love's Motion for Judgment on the Pleadings be **GRANTED**. (Doc. 15). Further, Defendant Love's Motion to Stay Discovery is **GRANTED** (Doc. 21), and Plaintiff's discovery Motions are **DENIED** as **MOOT**. (Docs. 19, 22).

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Procedure on Objections to Order**

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.   S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.

Date: January 30, 2018                                         /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE