# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEANO MCCORT,**

    **Plaintiff,**

  v.                                                  **Civil Action 2:17-cv-620**
                                                       **Judge George C. Smith**
                                                       **Magistrate Judge Jolson**

**MUSKINGUM COUNTY, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION
## AND ORDER

On August 8, 2018, Plaintiff filed a Motion for Leave to Appeal in forma pauperis (Doc. 51) and a Motion for a Stay of Judgment and the Proceedings and to Issue an Injunction Pending Appeal (Doc. 52). Specifically, Plaintiff seeks leave to appeal the District Judge's July 16, 2018 Opinion to the extent that "it held that Plaintiff has no right to counsel in prisoner civil rights cases." (Doc. 52 at 1). Plaintiff thus seems to focus on following portion of the District Judge's decision:

> Plaintiff argues that he stated he did not want to proceed with his deposition until he had the opportunity to retain counsel. The Magistrate Judge correctly noted that Plaintiff has no right to counsel in prisoner civil rights cases. Further, Plaintiff initiated this action and if he wanted to retain counsel, he could have done so any time prior to and during the pendency of the litigation.

(Doc. 47 at 2). Plaintiff argues that the District Court erred in denying his right to counsel because, even if he is not entitled to appointed counsel, he had a right to retain counsel. (Doc. 52 at 5) ("McCort will present a compelling argument that the district court erred in finding that prisoner

civil rights cases have no right whatsoever to counsel.").

Plaintiff misunderstands the Court's ruling. As an initial matter, the District Judge properly observed that, in civil rights cases, prisoners have no constitutional right to *appointed* counsel. In contrast, the District Judge noted that Plaintiff has and maintains the right to *retain* counsel, but he has opted not to do so. (Doc. 47 at 2). Finally, simply because Plaintiff did not have counsel at the time of his deposition does not prevent Defendants from using Plaintiff's testimony in support of their Motion for Summary Judgment.

Here, Plaintiff seeks leave to appeal the District Judge's ruling, despite the fact that the litigation is ongoing. In other words, the Court has yet to issue a final judgment in this case. For that reason, Petitioner's request for an appeal is premature. *See, e.g.*, *Trimble v. Bobby,* No. 5:10–CV–00149, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011) ("Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits."). Although the Court of Appeals may permit an interlocutory appeal in certain limited circumstances, none of those circumstances are present in this case. *See* 28 U.S.C. § 1292(b) (providing that where an order involves a "controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation," an interlocutory appeal may be permitted); *see also In re Memphis*, 298 F.3d 345, 350 (6th Cir. 2002) (noting that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases.").

Based on the foregoing, it is **RECOMMENDED** that Petitioner's Motion for Leave to Appeal be **DENIED** as premature. (Doc. 51). It is likewise **RECOMMENDED** that Plaintiff's Motion for a Stay of Judgment and the Proceedings and to Issue an Injunction Pending Appeal be **DENIED** as **MOOT**. (Doc. 52). Plaintiff is **ORDERED** to file his opposition to the pending

Motion for Summary Judgment (Doc. 34) no later than **thirty days** after the issuance of this Report and Recommendation and Order.  Finally, if Defendants' Motion for Summary Judgment is denied as to any of Plaintiff's claims, this Court will consider a motion for appointment of counsel should Plaintiff opt to file one.  *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.").

### **Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date: August 16, 2018                    /s/ Kimberly A. Jolson
                                         KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE