# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEANO MCCORT,**

    **Plaintiff,**

vs.                                                           **Case No.: 2:17-cv-620**
                                                               **JUDGE GEORGE C. SMITH**
                                                               **Magistrate Judge Jolson**

**MUSKINGUM COUNTY,** *et al.***,**

    **Defendants.**

## ORDER

On January 28, 2019, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants Muskingum County, the Muskingum County Sheriff's Department, the Muskingum County Jail, Matt Lutz, David Soschi, and Travis Nicholas' Motion for Summary Judgment be granted in part and denied in part. (*See Report and Recommendation*, Doc. 63). The parties were advised of their right to object to the *Report and Recommendation.* This matter is now before the Court on Defendant Travis Nicholas' Objections to the *Report and Recommendation*. (*See* Doc. 64). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Defendant Travis Nicholas objects to the Magistrate Judge's conclusion that summary judgment on the excessive force claim against him should be denied. Defendant Nicholas' objections are the same arguments presented in support of summary judgment, that Defendant Nicholas did not see Plaintiff at the time of the incident and therefore he could not have been deliberately indifferent to Plaintiff's rights.

The Magistrate Judge correctly set forth the requirements to maintain a *prima facie* claim for excessive force, a plaintiff must satisfy two elements: (1) that defendant(s) acted under color of state law, and (2) that defendant(s) deprived plaintiff of a federal statutory or constitutional right. *See, e.g., Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Further, "a pretrial detainee must show only that force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

Defendant Nicholas continues to argue that Plaintiff testified that Nicholas did not see him and the Court agrees that the testimony suggests that Defendant Nicholas did not know that Plaintiff was that close or that his hand was in the door. However, that is not the end of the analysis. There has been no testimony that the open door posed a security threat, therefore no need to use any force in shutting it, nor any force against Plaintiff. The evidence suggests that Defendant Nicholas kicked a metal door shut crushing Plaintiff's hand after a verbal altercation with Plaintiff. The extent of Plaintiff's injury could lead a jury to conclude Defendant Nicholas used excessive force. *See Kingsley*, 125 S. Ct. at 2473.

Therefore, the Court agrees with the Magistrate Judge's conclusion that there is a genuine issue of material fact on Plaintiff's excessive force claim against Defendant Nicholas. For the reasons set forth above and as stated in the *Report and Recommendation*, this Court finds that Defendant Nicholas' objections are without merit and are hereby **OVERRULED**.

The *Report and Recommendation,* ECF No. 63, is **ADOPTED** and **AFFIRMED.** Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

Judgment shall be entered in favor of all Defendants except Defendant Nicholas.

Plaintiff's claim for excessive force against Defendant Nicholas remains pending.

The Court encourages the parties to participate in mediation on this remaining claim.

The parties shall contact Magistrate Judge Jolson's chambers to schedule.

The Clerk shall remove Documents 34, 63, and 64 from the Court's pending motions list.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**